IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SPENCER T. MYERS,

      Petitioner,

v.                             CIVIL ACTION NO. 5:14cv162
                                  (Judge Stamp)

TERRY O'BRIEN,

      Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 18, 2014, the Petitioner, Spence Myers ("Myers") filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241. On January 23, 2015, Myers filed his petition on the court-approved form and simultaneously paid the $5.00 filing fee. Myers is a federal inmate housed at USP Hazelton and is challenging the validity of his sentence imposed by the United States District Court for the Southern District of West Virginia. This matter is pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. BACKGROUND [1]

On February 1, 2000, Myers was at his mother's home in Huntington, West Virginia. Robert Shilot, a nursing student with a drug problem, went there to purchase crack cocaine from Myers.

---

[1] The information contained in this section is taken from Petitioner's criminal docket in the United States District Court for the Southern District of West Virginia [3:00cr62 available on PACER], and in particular, the Findings and Recommendations [ECF No. 89] issued on March 21, 2005, with respect to Myers' § 2255 Motion as well as the opinion issued by the Fourth Court of Appeals in <u>United States v. Myers</u>, 280 F.3d 407 (4th Cir. 2002). <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009)(courts "may properly take judicial notice of public record); <u>Colonial Penn. Ins. Co. V. Coil</u>, 887 F.2d 1236,, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

After making the purchase, Shilot, Myers, and Myers girlfriend, Kelly Ward, smoked some of the crack together.

Approximately one hour later, Myers accused Shilot of stealing some of his crack, and demanded that Shilot pay him for it. When Shilot refused, Myers retrieved a gun from his car, re-entered the house, and held Shilot at gunpoint. In an effort to find the crack, Myers made Shilot strip. Shilot again denied taking the drugs and refused to give Myers any money. Sensing he was in danger, Shilot called 911 from his cell phone. Moments later, Myers shot Shilot in the head and killed him. Myers dragged the body around the house, ultimately leaving it in the kitchen and fleeing the scene.

Ward eventually called the police, and officers of the Huntington Police Department arrived at the home at around 9:35 a.m., shortly after Ward made the call, and upon entering found Shilot's body "lying on the floor" in the kitchen, "a large pool of blood around him." About an hour later, Myers was seen driving a Ford LTD. He was stopped, ordered or taken out of the car, taken to the ground, frisked "and then asked where the gun was." Myers told the officers the gun "was in the car." After being taken to police headquarters and given his Miranda rights, Myers gave a statement admitting that he shot Shilot but characterizing it as having occurred after Shilot grabbed and pushed Ward.[2] While Myers was giving the statement, other officers of the Huntington Police Department were preparing applications for search warrants for the house and the car. The applications were presented to a magistrate around 12:30 p.m. and, following issuance of the search warrants, Myers automobile, which had been taken to a storage area, was searched. Among the items recovered from the vehicle was a gun, subsequently determined to have been the weapon used to kill Shilot, and a

---

[2]Ward's testimony at trial indicated that Myers shot Shilot after holding him at gunpoint for a lengthy period of time and immediately after Shilot had used his cell phone to call 911.

quantity of marijuana and cocaine base. Myers was then charged by the state with murder. While incarcerated, Myers wrote Ward letters suggesting that she should testify to a false version of events before the grand jury.

Myers was later charged in a five-count indictment with drug and weapon offenses stemming from the incident. After a two-day trial, the jury convicted him on all counts charged in the indictment: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§922 (g)(1) and 924(a)(2) and (e)(1); (2) distribution of crack cocaine, in violation of 21 U.S.C. §841(a)(1); (3) possession and use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A); (4) knowing possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§922(k) and 924(a)(1) and (5) corruptly persuading another to hinder an investigation, in violation of 18 U.S.C. §1512(b)(3). On September 11, 2000, Myers was sentenced to life imprisonment and to a consecutive term of 300 months. His conviction was affirmed on appeal and a petition for writ of certiorari was denied by the Supreme Court on October 7, 2002.

On October 1, 2003, Myers filed a motion under the provisions of 28 U.S.C. §2255, seeking to have his conviction and sentence set aside. In his motion, Myers contended that counsel representing him at trial and on appeal provided ineffective assistance of counsel. Myers §2255 Motion was denied on August 11, 2005. His appeal to the Fourth Circuit was dismissed on April 4, 2006 for failure to prosecute.

On September 13, 2013, Myers filed a Motion with the Fourth Circuit seeking authorization to file a successive §2255 application. Myers cited the United States Supreme Court decision in Alleyne v. United States, 131 S.Ct. 2151 (2013) as support for his motion. On September 23, 2013, the Fourth Circuit denied his Motion for authorization to file his successive habeas application. See

3

Court of Appeals Docket # 13-1377 available on PACER.

It appears that Myers filed a petition for Writ of Error Audita Querela on July 8, 2013, in the United States District Court for the Southern District of West Virginia. In it, Myers argues that he was erroneously designated as an armed career criminal when the sentencing court erroneously misstated and misquoted the criteria needed to impose a sentence under the Armed Career Criminal Act ("ACCA"). It appears that said petition is still pending.[3] See 3:13cv17705 (WVSD) available on PACER.

### III. § 2241 PETITION

In his pending petition, Myers alleges that his ACCA enhancement violates the holding in Descamps v. United States, 133 S.Ct. 2276 (2013). More specifically, he argues that the District Court failed to apply the modified categorical approach when considering his prior offense as predicates for the ACCA, and therefore, created a fundamental miscarriage of justice. Myers also alleges that the District Court erroneously used his 1989 indictment as charging "four to five" counts, and the Court determined that each count of conviction in the indictment counted as "separate convictions" in violation of the definition found in § 4A1.2 of the Guidelines Manual. Finally, Myers alleges that he is actually innocent of First Degree Murder, because he was not charged with murder and the jury was not instructed on murder offense. Myers relies on Barrage v. U.S., 134 S.Ct. 881 (2014) for the proposition that the "but for causation" of death must be charged in the indictment and proven beyond a reasonable doubt.

On September 30, 2015, Myers filed a Motion to Supplement his petition with the decision issued in Johnson v. United States, 135 S.Ct. 2551 (2015). The motion was granted on October 2,

---

[3] On May 10, 2016, United States Magistrate Judge Omar Aboulhosn entered Proposed Findings and Recommendation that the Petition be denied. ECF No. 168.

4

2015.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Myers' case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, Myers' pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. ARMED CAREER CRIMINAL ACT

In Johnson, the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). The ACCA defines a "violent felony" as a crime punishable "by imprisonment for a term exceeding one year," that

(i) includes as an element the use, attempted use, or threatened use of physical force against the person of another, or

5

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the Act's residual clause. In <u>Johnson</u>, the Supreme Court held that imposing an increased sentence under the residual clause violated due process. 135 S.Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether <u>Johnson</u> applied retroactively to the sentences of defendants whose convictions had become final. <u>Welch v. United States</u>, 136 S.Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that <u>Johnson</u> changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016).

## VI. <u>Analysis</u>

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. <u>Adams v. United States</u>, 372 F.3d 132, 134 (2nd Cir. 2004); <u>see</u> <u>In re Jones</u>, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. <u>Adams</u> at 135; <u>see</u> <u>In re Jones</u>, at 332-33. In a §2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the

6

facility where he is housed. Adams at 135.

A federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of §2241, but only under the §2255 "savings clause" when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit has long held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[4]

Id. at 333-34.

Because the Supreme Court has announced that Johnson is a new rule of constitutional law made retroactive to cases on collateral review, Myers cannot demonstrate that §2255 is inadequate or ineffective to test the legality of his detention because he now meets the gate-keeping provisions of §2255. Therefore, instead of seeking relief from this Court pursuant to § 2241 regarding the ACCA, Myers must seek authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion based on "...(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2).

---

[4] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

**The one-year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in <u>Johnson</u> expires on June 26, 2016.**

The Court recognizes that Myers has also raised a claim that he is actually innocent of First Degree Murder, and challenges the life sentence that he received for Count One of the indictment: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§922(g)(1). 924(a)(2) and (e)(1). As previously noted, Myers relies on the Supreme Court decision in <u>Barrage v United States</u>, 134 S.Ct. 881 (2014) to support his claim. In <u>Barrage</u>, the Supreme Court held that for purposes of 21 U.S.C. § 841(b)(1)(A)'s sentencing enhancement provision, death or serious bodily injury only "results from" the dug trafficking when the use or the controlled substance does not merely "contribute to"– but instead is the "but-for cause of– the victim's death or injury. 134 S.Ct. at 891. This provision of the Code, therefore, contains a sentencing enhancement that includes life upon a particular finding, and if a defendant stands trial, may require that the jury find that the drug trafficking activities were a "proximate cause" of a victim's death. Although Myers was convicted of distribution of crack cocaine, in violation of § 841(a)(1), his sentence for that crime was 240 months, not life. Therefore, the holding in <u>Barrage</u> is not applicable.

Furthermore, to the extent that Myers' petition could be construed as an argument that his life sentence violates <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), the same is not appropriately raised in a § 2241 petition. In <u>Alleyne</u>, a defendant was convicted by a jury of carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge

was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, 721 F.3d 875, 2013 WL 3455876 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 WL 4042508 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); Affolter v. United States, No. 13-14313, 2013 WL 4094366 (E.D. Mo. July 26, 2013).

Moreover, with respect to his claim that he was improperly sentenced to life imprisonment, Myers' petition does not indicate any respect in which his case meets the standard under In re Jones to proceed under §2241. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." This statement has not been extended to include sentencing calculations made pursuant to the United States Sentencing Guidelines. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal

9

classification of the predicate crimes."); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." (*citing* In re Jones, 226 F.3d at 333-34)).

Clearly there has been no change in law making it now legal to be a felon in possession of a firearm, distribute crack cocaine, possess and use a firearm in furtherance of drug trafficking, possess a firearm with an obliterated serial number, or persuade another to hinder an investigation. Therefore, Myers fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and therefore, his claim cannot be addressed under § 2241.

### VII. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition [ECF No. 1], insofar as it now presents a claim under Johnson be **DISMISSED WITHOUT PREJUDICE** to Myers' right to seek permission from the Fourth Circuit to file a second or successive § 2255 and his remaining claims be **DISMISSED WITH PREJUDICE** for failure to state a claim for relief under 28 U.S.C. §2241.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 11, 2016.

                                                          */s Michael John Aloi*
                                                    MICHAEL JOHN ALOI
                                                    UNITED STATES MAGISTRATE JUDGE