IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SPENCER T. MYERS,

    Petitioner,

v.                                     Civil Action No. 5:14CV162
                                                      (STAMP)

TERRY O'BRIEN,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**
**AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.    Background

At issue is the pro se petitioner's petition filed under 28 U.S.C. § 2241 ("§ 2241"), wherein he alleges five grounds for relief. Those grounds will be more thoroughly discussed below. Previously, the petitioner was charged with the following counts: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e)(1); (2) distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) possession and use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924 (c)(1)(A); (4) knowing possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1); and (5) corruptly persuading another to hinder an investigation, in violation of 18 U.S.C. § 1512(b)(3). After a two-day trial, a jury convicted him of all five counts. Following that trial, the petitioner was sentenced to life

imprisonment and to a consecutive term of 300 months.  He appealed his conviction, which was affirmed.  Further, the United States Supreme Court denied the petitioner's petition for a writ of certiorari.

The petitioner then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255").  He asserted claims of ineffective assistance of counsel.  The district court denied his § 2255 motion, and the United States Court of Appeals for the Fourth Circuit dismissed his appeal for failure to prosecute.  The petitioner later sought authorization to file a second or successive § 2255 motion, which the Fourth Circuit denied.

In his § 2241 petition at issue, the petitioner asserts five grounds for relief.  Those five grounds are the following: (1) that the district court "failed to apply the modified categorical approach" when considering an enhancement under the Armed Career Criminal Act ("ACCA"); (2) that a "fundamental miscarriage of justice" occurred by imposing his sentence; (3) that the sentencing court "erroneously" treated each count of the petitioner's five-count indictment as a "separate conviction for purposes of the ACCA"; (4) that the petitioner is innocent of first degree murder; and (5) that because the petitioner is innocent, no enhancements should apply to his sentence.  ECF No. 1.  The petitioner also filed a motion to supplement his § 2241 petition, wherein he

2

claimed that the recent holding in Johnson v. United States, 135 S.Ct. 2551 (2015), applied to his case. ECF No. 12.

United States Magistrate Judge Michael J. Aloi then entered a report and recommendation, wherein he recommends the following: (1) that the petitioner's petition, to the extent that it asserts a claim under Johnson, be dismissed without prejudice regarding the petitioner's right to seek permission from the Fourth Circuit to file a second or successive § 2255 motion; and (2) that his remaining claims be dismissed with prejudice. With regards to the petitioner's claim under Johnson, the magistrate judge points out that his § 2241 petition is an improper vehicle for such a claim. Rather, he should pursue relief under Johnson by seeking authorization to file a second or successive § 2255 motion. As to his remaining claims, the petitioner's § 2241 petition neither satisfies the "savings clause" as analyzed in In re Jones, 226 F.3d 328 (4th Cir. 2000), nor invokes the holdings of the various Supreme Court cases cited by the petitioner.

The petitioner filed objections to the report and recommendation, wherein he reasserts his original arguments. However, the petitioner indicates that he is withdrawing his claim under Johnson, and has sought relief in a separate § 2255 motion. ECF No. 19.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED, and the petitioner's objections are OVERRULED.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the reports and recommendations, the magistrate judge's recommendations will be reviewed <u>de novo</u> as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

As stated earlier, the petitioner states that he concedes to the magistrate judge's report and recommendation "as to the point related only to [<u>Johnson</u>], and has submitted his <u>Johnson</u> claims as required by 28 U.S.C. § 2255(h)." Therefore, this Court finds it unnecessary to address the petitioner's claim under <u>Johnson</u> at this

time.  Thus, the report and recommendation related to the petitioner's claim under Johnson is AFFIRMED AND ADOPTED, and the petitioner's petition is DISMISSED WITHOUT PREJUDICE to that same extent.

This Court will now turn to the petitioner's remaining claims. Those claims are essentially that he is innocent and that his life sentence is improper.  Because the petitioner's objections center around those two claims, this Court will review them de novo.  As to the first claim, the petitioner relies on Burrage v. United States, 134 S.Ct. 881 (2014).  Title 21, United States Code, Section 841(b)(1)(C) permits a court to enhance a penalty for violations of its provisions "if death or seriously bodily injury results" from use of specified illegal substances.  Such enhanced penalties include a sentence of "not less than 20 years or more than life."  In Burrage, the Supreme Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury."  Id.  In the petitioner's case, however, he did not receive the penalty enhancement under 21 U.S.C. § 841(b)(1)(C) for his offense under Count Two of the indictment, which was distribution of crack cocaine.  He did not receive a sentence of life imprisonment for

Count Two; rather, he received a sentence of 240 months. Therefore, it does not appear that the penalty enhancement was at issue, and thus, the holding under Burrage fails to apply.[1]

With respect to his claim that the sentencing court improperly sentenced him to life imprisonment, the savings clause fails to apply to his petition. A federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of

---

[1] In his objections, the petitioner appears to confuse the sentencing enhancements provided under the United States Sentencing Guidelines ("U.S.S.G.") with those of the penalty enhancement under 21 U.S.C. § 841. The application of those sentencing enhancements pertained to his firearm charges, not the drug charge under Count Two. Nonetheless, the holding under Burrage does not apply here.

6

> § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

This Court finds that the petitioner fails to establish the elements required by Jones. Specifically, the substantive laws under which the petitioner was convicted have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. The crimes petitioner was convicted of still remain criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction. Because he fails to demonstrate that § 2255 is an inadequate or ineffective remedy, the petitioner's § 2241 petition must be denied.

Finally, the petitioner contends in his petition and his objections that both Alleyne v. United States, 133 S.Ct. 2151 (2013), and Descamps v. United States, 133 S.Ct. 2276 (2013), apply to his case. That contention, however, is misplaced. As the magistrate judge properly indicated, the Alleyne holding provides that any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Alleyne, 133 S.Ct. at 2162. However, Alleyne is not

7

intended to be applied retroactively. See In re Mazzio, 756 F.3d 487 (6th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Schuett v. United States, No. 11-20574, 2014 WL 5465447 (E.D. Mich. Oct. 28, 2014). Likewise, the Supreme Court has not declared that its decision in Descamps should be retroactively applied on collateral review. See, e.g., United States v. Upshaw, 2014 WL 3385118, at *2 (N.D. Fla. July 9, 2014); Baker v. Zych, 2014 WL 1875114 (W.D. Va. May 9, 2014); United States v. Sanders, 2013 WL 5707808 (N.D. Ohio Oct. 18, 2013); Roscoe v. United States, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013); Reed v. United States, 2013 WL 5567703 (M.D. Fla. Oct. 9, 2013); Landry v. United States, 2013 WL 5555122 (W.D. Tex. Oct. 4, 2013). Therefore, under a de novo standard of review, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED, and the petitioner's objections are OVERRULED.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 17) is AFFIRMED AND ADOPTED. Accordingly, the petitioner's petition, to the extent it asserts a claim under Johnson, is DISMISSED WITHOUT PREJUDICE as to the petitioner's right to seek permission to file a second or successive § 2255 motion. Further, the petitioner's remaining claims are DISMISSED WITH PREJUDICE. It is further ORDERED that

this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 26, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE